**GOLENBOCK EISEMAN ASSOR BELL & PESKOE** LLP
437 MADISON AVENUE
NEW YORK, NY 10022-7302

(212) 907-7300
FAX (212) 754-0330

*Adam C. Silverstein*
*Direct Dial No.: 212-907-7378*
*Direct Fax No.: 212-714-0777*
*Email Address: asilverstein@golenbock.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/2008

April 14, 2008

**VIA FACSIMILE**

Honorable Richard J. Holwell
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007-1312

  Re:  *In re Asia Global Crossing, Ltd.* - 08 Civ. 03148 (RJH)

Dear Judge Holwell:

   This firm represents Robert L. Geltzer, the chapter 7 trustee of Asia Global Crossing, Ltd (the "Trustee"). We write in response to today's letter to the Court from counsel to claimant-appellant 360networks Corporation ("360networks"), Alan J. Lipkin, Esq., concerning the length of the principal brief that 360networks filed on the afternoon of April 11, 2008 in connection with its bankruptcy appeal.

   As we indicated by letter to Mr. Lipkin shortly after receiving a copy of 360networks' brief, the brief exceeds the Court's rules regarding page limitations. New Local Civil Rule 7.1(b), which went into effect on April 11 (the day 360networks filed its brief) provides that "[u]nless otherwise ordered by the district court to whom the appeal is assigned, appellate briefs on bankruptcy appeals shall not exceed 25 pages and reply briefs shall not exceed 10 pages." 360networks' principal brief is 50 pages in length.

   Mr. Lipkin argues that 360networks' brief complies with the Court's rules because, in his view, new Local Civil Rule 7.1(b) did not go into effect until "after the close of business on Friday April 11, 2008," but 360networks filed its brief "midday on April 11th" -- thereby, in effect, beating the new rule, and gaining itself an additional 25 pages of briefing, by a matter of hours. The argument -- while not even correct, given that the Court Notice states that the "effective date of the amendments to Local Civil Rule 7.1(b)" is April 11, 2008 (*not* "after the close of business on April 11, 2008") -- is disingenuous. 360networks' appeal was docketed by the Court on March 28, 2008 -- three days *after* Chief Judge Wood entered an Order approving new Local Civil Rule 7.1(b). 360networks therefore has been on notice of the new

422106.1

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

Honorable Richard J. Holwell
Page 2
April 14, 2008

rule since its appeal was docketed and its time to file an appellate brief began to run. Moreover, 360networks' deadline for filing its appellate brief -- fifteen days from the docketing of the appeal -- is today, at a time when new Local Rule 7.1(b) undisputedly is in effect. 360networks' election to file its brief on April 11, one business day early, should not permit it to circumvent Local Civil Rule 7.1(b) -- and, thereby, to double the length of its brief -- when had it filed its brief on the day it was due, it undisputedly would be limited to 25 pages in brief length. In short, we believe it is clear -- and has been since this appeal was docketed -- that the length of principal briefs on this appeal is limited to 25 pages and that the length of any reply brief is limited to 10 pages.

Additionally, notwithstanding Mr. Lipkin's generous offer to afford the Trustee 50 pages for his principal brief, we do not believe that it is necessary or appropriate for either party to the burden the Court with such excessive briefing. This appeal essentially raises two straightforward issues -- whether the Bankruptcy Court correctly held as a matter of law that 360networks was required to show it was "ready, willing and able" to perform its obligations under a contract in order to recover damages for anticipatory repudiation and whether the Bankruptcy Court committed clear error in concluding, after a two-day trial, that 360networks had *not* proved its readiness, willingness and ability. We do not believe that more than 25 pages per principal brief is either needed or useful to address those issues.

The Trustee is prepared to file a motion to strike 360networks' brief for failure to comply with Local Civil Rule 7.1(b). However, we do not wish to burden the Court with motion practice, and even more briefing, in order to require 360networks to comply with the rules, if it can be avoided. Accordingly, we respectfully request a brief in-Court or telephonic conference to discuss the Court's expectations regarding the page limits on the parties' appellate briefs.

Respectfully,

Adam C. Silverstein

cc: Alan J. Lipkin, Esq.

422106.1

*Handwritten note:* The parties may submit briefs in compliance with L. Rule 7.1(b) prior to amendment.

*Signature* US DJ
4/14/08